BOGGS v. TOBIN.

1. APPEAL AND ERROR—REHEARINGS.
   A party who makes a motion for rehearing of a case in the
   Supreme Court is bound by the order overruling his motion.

2. SAME—REHEARINGS—COURT'S OWN MOTION.
   The Supreme Court, on its own motion, if satisfied the conclu-
   sion reached by it was wrong, has the power and authority to
   grant a rehearing.

3. SAME—REHEARINGS—ADDITIONAL TESTIMONY.
   After denial of a rehearing by the Supreme Court, a party may
   not, under the guise of taking additional testimony to support
   a recalculation under a compromise agreement settling litiga-
   tion, have a rehearing upon the main controversy in the case.

4. SAME—RECONSIDERATION—MISTAKE.
   Reconsideration of the facts of a case may not be had after
   denial of a rehearing by the Supreme Court where the court
   has not discovered a mistake requiring determination that its
   prior decision thereupon was wrong.

Appeal from Wayne; Webster (Clyde I.), J.
Submitted April 20, 1937. (Calendar No. 38,131.)
Decided September 1, 1937.

Bill by Allen D. Boggs and others against Ben-
jamin F. Tobin and others for construction of a
settlement agreement and other relief. Clay C.

---

* Continued from Vol. 280.

MacDonald, as next friend of Clay C. MacDonald, Jr., and other minors, intervened. On petition for recalculation. Petition denied.

*Charles F. Delbridge (Frank W. Atkinson* and *Francis W. McCauley,* of counsel), for plaintiffs.

*Thomas F. Chawke,* for defendants Tobin.

*Monaghan, Crowley, Clark & Kellogg,* for defendants MacDonald and Security Trust Company, as coexecutor and trustee under will of Benjamin Tobin.

*Thomas G. Long,* for defendant Security Trust Company, as executor and trustee of the will of Cornelia O. Curtis, deceased, and trustee under settlement agreement of November 22, 1924.

POTTER, J. This case was before the court and September 9, 1935, opinions were filed therein, 272 Mich. 392. The majority opinion, by Mr. Justice NELSON SHARPE is controlling.

Plaintiffs and appellees made a motion for rehearing which was denied October 30, 1935. Later, plaintiffs and appellees filed a motion to amend the opinion of the court and remand the cause for recalculation. January 31, 1936, this court entered an order "without prejudice to the claim of the defendants that plaintiffs have not the right to a reconsideration," and briefs were directed to be filed, addressed to two questions: *First,* the right to a reconsideration; and, *second,* the correctness of the calculation as decreed.

Plaintiffs and appellees had a right to make a motion for a rehearing. They are bound by the

order overruling such motion. This court has determined no rehearing should be had. The court, on its own motion, if satisfied the conclusion reached by it was wrong, would undoubtedly have the power and authority to grant a rehearing. It has not seen fit to do that. This court has no right, therefore, to reconsider the facts or the law as determined by the majority opinion of this court when the case was decided, as reported in 272 Mich. 392. Plaintiffs may not, under the guise of taking additional testimony to support a recalculation, have a rehearing upon the main controversy in the case. Such facts made the basis of a recalculation can be considered only in case this court is satisfied there was a mistake in the figures made. We cannot so find. Nothing has been presented by the additional testimony taken, or by the argument of counsel, which warrants a reconsideration of the facts.

Defendants are entitled to a decree in accordance with the opinion of the majority of the members of this court filed September 9, 1935.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.